1   DARREN S. ENENSTEIN (SBN 195894)
    *Email: dse@enensteinlaw.com*
2   TERI T. PHAM (SBN 193383)
    **ENENSTEIN & RIBAKOFF, APC**
3   233 Wilshire Boulevard, Suite 400
    Santa Monica, California 90401
4   (310) 899-2070 Phone
    (310) 496-1930 Fax
5
    Attorneys for Plaintiff,
6   WAZANA BROTHERS INTERNATIONAL, INC.
    dba MICRO SOLUTIONS ENTERPRISES
7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10
    WAZANA BROTHERS                    CASE NO.: CV 12-01850 PA (PJWx)
11  INTERNATIONAL, INC., dba Micro
    Solutions Enterprises,             Magistrate Judge Patrick J. Walsh
12
                  Plaintiff,           **STIPULATION FOR ENTRY OF
13                                     PROTECTIVE ORDER; [PROPOSED]**
        vs.                            **ORDER**
14
    JOHN PALO, an individual;
15  INTERNATIONAL LASER GROUP,
    INC., a California Corporation; DAVID
16  MULLEN, an individual; GARY
    MICHAELS, an individual; and DOES 1
17  through 100, inclusive,

18               Defendants.

19

20

21          **WHEREAS,** Plaintiff WAZANA BROTHERS INTERNATIONAL, INC. dba

22  MICRO SOLUTIONS ENTERPRISES, and Defendants INTERNATIONAL LASER

23  GROUP, INC., GARY MICHAELS, and DAVID MULLEN (collectively "Parties")

24  acknowledge that the discovery and pretrial phase of this action may involve

25  disclosure of confidential and proprietary business and financial information

26  ("Protected Information") of each party and of third parties;

27          **WHEREAS,** there is a need to expedite the flow of discovery materials, to

28

1  facilitate the prompt resolution of disputes over confidentiality of discovery materials,

2  to adequately protect information the Parties are entitled to keep confidential, to

3  ensure that only materials the Parties are entitled to keep confidential are subject to

4  such treatment, and to ensure that the Parties are permitted reasonably necessary uses

5  of such materials in preparation for and in the conduct of trial;

6  **THE PARTIES HEREBY STIPULATE FOR ENTRY OF A**

7  **PROTECTIVE ORDER, SUBJECT TO ANY AMENDMENTS OR REVISIONS**

8  **THE COURT MAY REQUIRE, ("STIPULATED PROTECTIVE ORDER") AS**

9  **FOLLOWS:**

10  **Definitions**

11  1.    "CONFIDENTIAL" information or items shall mean information

12  (regardless of how it is generated, stored or maintained) or tangible things that

13  constitute trade secret or other confidential research, development, or commercial

14  information as those terms are used in  Rule 26(c)(1)(g) of the Federal Rules of Civil

15  Procedure.

16  2.    "CONFIDENTIAL B" information or items shall mean

17  CONFIDENTIAL information or items alleged to have been misappropriated by

18  Defendants International Laser Group, Inc., John Palo, David Mullen, or Gary

19  Michaels, and/or their agents, representatives, employees, shareholders, officers, or

20  directors.

21  3.    "HIGHLY CONFIDENTIAL" information or items shall mean

22  CONFIDENTIAL information or items, disclosure of which to another party or non-

23  party would create a substantial risk of serious commercial harm that could not be

24  avoided by less restrictive means.  This designation shall be made as sparingly as

25  possible and shall be a certification to the Court and other Parties that such

26  information is believed to be subject to this more restrictive classification within the

27  meaning of this Stipulated Protective Order.  As set forth in more detail in paragraph

28

741830.1

2

STIPULATION FOR ENTRY OF PROTECTIVE ORDER; [PROPOSED] ORDER

4827130.2/90142-00078

6, herein, information and items alleged to have been misappropriated by Defendants International Laser Group, Inc., John Palo, David Mullen, or Gary Michaels, and/or their agents, representatives, employees, shareholders, officers, or directors may not be designated as "HIGHLY CONFIDENTIAL," without prior written approval from all parties, or by order of this Court.

     4.   "Protected Information" shall mean any material designated or properly subject to being designated as "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY CONFIDENTIAL."

     5.   Notwithstanding Paragraph 4, herein, the following information is not Protected Information, and may not be designated as such, without prior written approval from all parties to this Stipulated Protective Order, or by order of this Court.:

     a.   Publicly available materials, such as: published advertising materials, issued patents; published patent applications, prosecution histories, published trademarks and other documents available from the U.S. Patent and Trademark Office, and publications, press releases, newspaper and magazine articles, information released to the public, pleadings and other litigation related documents filed on the public record, and information publicly filed with governmental agencies.

     b.   Any information that is, or after its disclosure to a receiving party becomes, part of the public domain as a result of publication not involving a violation of this Stipulation and Order thereon;

     c.   Any information that the receiving party can show was already known to it prior to the disclosure with no obligation of confidentiality;

     d.   Any information that the receiving party can show by written records was received by it after the disclosure by a source who obtained the information lawfully and under no obligation of confidentiality to the

741830.1

3

4827130.2/30142-00078

producing party; and

    e.    Any information the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Protected Information.

    6.    Notwithstanding Paragraphs 4 and 5, herein, the following information is not HIGHLY CONFIDENTIAL Information, and may not be designated as such without prior written approval from all parties to this Stipulated Protective Order, or by order of this Court:

    a.    Any of the categories set forth in paragraph 5, herein.

    b.    Any information in the possession, custody or control of MSE that MSE alleges to be a trade secret that was misappropriated by defendants ILG, Michaels and/or Mullen.

    c.    Any information in the possession, custody or control of MSE that MSE alleges was improperly obtained by any defendant in this Action, including John Palo (unless MSE does not contend the information misappropriated by Palo was disclosed by Palo to another defendant).

### Use of Protected Information

    7.    Use of Protected Information designated as "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY CONFIDENTIAL" pursuant to this Stipulated Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any person for any other purpose, including but not limited to any business, commercial, or competitive purpose.

**Manner and Timing of Designations**

8.     To designate Protected Information as "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY CONFIDENTIAL," the designating party shall affix the words "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY CONFIDENTIAL" on each page, cover sheet, compact disc, DVD, or other relevant media containing such Protected Information.

9.     Except as otherwise provided herein, any Protected Information that is not designated as "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY CONFIDENTIAL" at the time of production may be designated as "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY CONFIDENTIAL" by the producing party or any other party to this action within ten (10) business days of production or within ten (10) business days of the Court's execution and filing of this Stipulated Protective Order, whichever is later.  Designation of Protected Information in such a manner shall be made by specific reference to the document, document number, or other specific identifier at issue, and the party so designating the Protected Information shall thereafter provide copies of those materials, marked as appropriate, to counsel for the other Parties.

10.     Within thirty (30) days after receipt of the transcript of the deposition of any party or witness in this case, if Protected Information is marked as an exhibit or reference is made to the content of Protected Information, any party may designate such an exhibit, or such a portion of the transcript, as "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY CONFIDENTIAL."

11.     The inadvertent failure to designate Protected Information as "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY CONFIDENTIAL" prior to or at the time of disclosure shall not operate as a waiver of any party's right to later designate said Protected Information as "CONFIDENTIAL," "CONFIDENTIAL B" OR "HIGHLY CONFIDENTIAL," subject to the terms and conditions of this

741830.1

STIPULATION FOR ENTRY OF PROTECTIVE ORDER; [PROPOSED] ORDER

4827130.2/00142-00078

Stipulated Protective Order.  If the receiving party has already shown or given any person Protected Information that inadvertently was not previously designated as "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY CONFIDENTIAL," then counsel for the receiving party shall take all steps reasonably necessary:

      a.    to retrieve all written or electronic copies of such Protected Information from any person not authorized by this Stipulated Protective Order to see or otherwise be provided such information and to cause such person to agree in writing not to disclose or use such Protected Information, and

      b.    to cause any person authorized by this Stipulated Protective Order to receive Protected Information to execute an agreement, in the form attached hereto as Exhibit "A," to be bound by the terms of this Stipulated Protective Order.

### Non-Disclosure Agreement

12.    Each person to whom Protected Information is to be given, shown, disclosed, made available, or communicated in any way, shall execute a Non-Disclosure Agreement in the form of Exhibit "A."  Counsel for the party who intends to disclose Protected Information shall be responsible for obtaining an executed Non-Disclosure Agreement from each individual to whom the Protected Information will be disclosed and shall maintain the signed Non-Disclosure Form in said counsel's file until exhaustion of the time for any appeals.  The Non-Disclosure Agreement shall be executed before any disclosure occurs.

### Filing Protected Information with the Court

13.    If any party intends to file Protected Information with the Court, that party must comply in all respects with the requirements of all Local Rules for filing

1   documents under seal, including, without limitation Local Rule 79-5.1, which is
2   incorporated herein by this reference as if set forth in full.  Nothing herein prevents
3   any other party from filing its own application requesting that the Court allow the
4   documents to be filed under seal.  A party's designation of Protected Information
5   under this Stipulated Protective Order does not require the Court to file the
6   documents or other materials under seal, and if the Court declines to allow any such
7   documents or materials to be filed under seal, the documents or other materials may
8   be filed as if not designated as Protected Information.

9        14.    Nothing herein prevents the use of any material, including any material
10   designated as "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY
11   CONFIDENTIAL" at trial or proceedings in this action, and nothing herein is
12   intended to govern the production of evidence at or other conduct at trial.

13

14                    **Disclosure of Protected Information**

15        15.    Use of and access to Protected Information designated as
16   "CONFIDENTIAL," including all information derived therefrom, shall be restricted
17   solely for purposes of this litigation, and solely to the following persons, who agree
18   to be bound by the terms of this Protective Order, unless additional persons are
19   stipulated by counsel or authorized by the Court:

20        a.    The Parties and their officers, directors, employees, and insurers.
21        b.    Counsel for any party to the above-captioned litigation, attorneys
22              of such counsels' law firms and all employees of those firms,
23              including, but not limited to, paralegals and stenographic and
24              clerical employees.
25        c.    Any individual retained or specifically employed by a party as a
26              consultant or as an expert either in anticipation of litigation,
27              preparation for trial, or to testify at trial, and provided that such
28

741830.1

STIPULATION FOR ENTRY OF PROTECTIVE ORDER; [PROPOSED] ORDER

4827130.2/BD142-00078

1  individual executes a statement agreeing to be bound by this

2  Protective Order in the form attached hereto as Exhibit "A."

3      d.    The Court and its personnel, including, but not limited to,

4  stenographic reporters regularly employed by the Court and

5  stenographic reporters not regularly employed by the Court who

6  are engaged by the Court or the Parties during the litigation of this

7  action.

8      e.    Deposition officers, certified shorthand reporters, and

9  videographers employed by the Parties for the purpose of

10  transcribing or recording deposition testimony in this action.

11      f.    Non-Parties may be examined concerning any document

12  containing "CONFIDENTIAL" Protected Information of a

13  producing party which appears on its face or from other

14  documents or testimony to have been authored by, received from

15  or communicated to the non-party as a result of any contract or

16  relationship with the producing party or a representative of the

17  producing party, but may not retain originals or copies of such

18  "CONFIDENTIAL" Protected Information or any notes or

19  transcripts reflecting such "CONFIDENTIAL" Protected

20  Information, other than for the limited period of time necessary to

21  review any deposition transcript and make corrections. Any such

22  exhibit or portion of the deposition transcript referencing the

23  content of such Protected Information shall be designated as

24  "CONFIDENTIAL."

25      g.    Employees of copy services and/or microfilming or database

26  services who are engaged by the Parties during the litigation of

27  this action.

28

741830.1

STIPULATION FOR ENTRY OF PROTECTIVE ORDER; [PROPOSED] ORDER

4827130.2/80142-00078

16.     Use of and access to Protected Information designated as "CONFIDENTIAL B," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

        a.    Outside Counsel for any party to the above captioned litigation, attorneys of such counsels' law firms and all employees of those firms, including, but not limited to, paralegals and stenographic and clerical employees.

        b.    Insurers to which the Parties have tendered claims regarding this case, upon request from the insurer.

        c.    Any individual retained or specifically employed by a party as a consultant or as an expert either in anticipation of litigation, preparation for trial or to testify at trial, and provided that such individual executes a statement agreeing to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit "A."

        d.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during the litigation of this action.

        e.    Deposition officers, certified shorthand reporters, and videographers employed by the Parties for the purpose of transcribing or recording deposition testimony in this action.

        f.    Any person may be examined concerning any document containing "CONFIDENTIAL B" Protected Information of a

741830.1

9

STIPULATION FOR ENTRY OF PROTECTIVE ORDER; [PROPOSED] ORDER

4827130.2/30142-00078

1       producing party which appears on its face or from other

2       documents or testimony to have been authored by, received from

3       or communicated to that person as a result of any contract or

4       relationship with the producing party or a representative of the

5       producing party, but such person may not retain originals or

6       copies of such "CONFIDENTIAL B" Protected Information or

7       any notes or transcripts reflecting such Protected Information,

8       other than for the limited period of time necessary to review any

9       deposition transcript and make corrections. Any such exhibit or

10      portion of the deposition transcript referencing the content of such

11      Protected Information shall be designated as "CONFIDENTIAL

12      B."

13     g.    Employees of copy services and/or microfilming or database

14        services who are engaged by the Parties during the litigation of

15        this action.

16     h.    Further, a copy of each document marked as "CONFIDENTIAL

17        B" can be shown to each individual Defendant and to a single

18        designated representative of the corporate Defendant (the "Party

19        Representative") for the sole purpose of preparation for the

20        prosecution or defense of this litigation, and subject to the

21        following conditions: (1) the Party Representative shall only be

22        shown a document marked as "CONFIDENTIAL B" in the

23        presence of a person identified in Paragraph 16(a) herein; (2) the

24        Party Representative shall not be allowed to take any copy of a

25        document marked "CONFIDENTIAL B" upon leaving the

26        presence of a person identified in Paragraph 16(a) herein; and (3)

27

28

1   the Party Representative shall make no notes or other writings

2   pertaining to a document marked as "CONFIDENTIAL B."

3   17.   Use of and access to Protected Information designated as "HIGHLY

4   CONFIDENTIAL," including all information derived therefrom, shall be restricted

5   solely to the following persons, who agree to be bound by the terms of this Protective

6   Order, unless additional persons are stipulated by counsel or authorized by the court:

7   a.   Counsel for any party to the above captioned litigation, attorneys

8   of such counsels' law firms and all employees of those firms,

9   including, but not limited to, paralegals and stenographic and

10   clerical employees.

11   b.   Insurers to which the Parties have tendered claims regarding this

12   case, upon request from the insurer.

13   c.   Any individual retained or specifically employed by a party as a

14   consultant or as an expert either in anticipation of litigation,

15   preparation for trial or to testify at trial, and provided that such

16   individual executes a statement agreeing to be bound by this

17   Stipulated Protective Order in the form attached hereto as Exhibit

18   "A."

19   d.   The Court and its personnel, including, but not limited to,

20   stenographic reporters regularly employed by the Court and

21   stenographic reporters not regularly employed by the Court who

22   are engaged by the Court or the Parties during the litigation of this

23   action.

24   e.   Deposition officers, certified shorthand reporters, and

25   videographers employed by the Parties for the purpose of

26   transcribing or recording deposition testimony in this action.

27

28

f.   Any person  may be examined concerning any document containing "HIGHLY CONFIDENTIAL" Protected Information of a producing party which appears on its face or from other documents or testimony to have been authored by, received from or communicated to that person as a result of any contract or relationship with the producing party or a representative of the producing party, but may not retain originals or copies of such "HIGHLY CONFIDENTIAL" Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcript and make corrections.  Any such exhibit or portion of the deposition transcript referencing the content of such Protected Information shall be designated as "HIGHLY CONFIDENTIAL."

g.   Employees of copy services and/or microfilming or database services who are engaged by the Parties during the litigation of this action.

18.   Nothing herein shall prevent disclosure of Protected Information as agreed to in writing by the Parties.

## Disputes Regarding Protected Information

19.   If any dispute arises with respect to this Stipulated Protective Order, the Parties shall first attempt to resolve any such dispute on an informal basis before presenting the dispute to the Court.

20.   If any party believes that any materials designated as Protected Information have been inappropriately designated as such, the party shall, in writing, inform counsel for the party claiming the protected status, and the Parties shall meet

741830.1

12

4827130.2/80142-00078

and confer in good faith to attempt to resolve the dispute.  If the dispute is not resolved through such a good faith meet and confer, the party or non-party who designated the material as "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY CONFIDENTIAL" shall have (25) days from the receipt of such written notice to apply to the Court, on noticed motion, for an order designating the material as Protected Information, pursuant to Local Rule 37.  The burden shall be on the party designating the Protected Information within the meaning of this Stipulated Protective Order, and the motion shall be accompanied by a declaration containing facts sufficient to justify the designation, including that: (1) there exists an overriding interest that overcomes the right of public access to the record; (2) the overriding interest supports sealing the records; (3) a substantial probability exists that the overriding interest will be prejudiced if the records is not sealed; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist to achieve the overriding interest.

### No Admissions and No Prejudice from Designation

21.    The existence or nonexistence of any of the following shall be inadmissible for any purpose during any proceeding on the merits herein:

    a.    Any designation of "CONFIDENTIAL," "CONFIDENTIAL B" or "HIGHLY CONFIDENTIAL" hereunder;

    b.    Any objection to any such designation; or

    c.    Any application to file any designated material under seal.

22.    Entering into this Stipulation, designating or not designating any material as Protected Information, objecting or not objecting to any such designation, or applying or not applying to file any designated material under seal, shall not:

    a.    Constitute an admission that any material does or does not contain or reflect trade secrets, proprietary or commercially sensitive or

1  valuable information, or any other type of confidential

2  information;

3  b.  Constitute an admission that the restrictions and procedures set

4  forth herein constitute or do not constitute adequate protection for

5  any particular material;

6  c.  Prejudice in any way any right to object to the production of

7  documents a party does not consider to be subject to discovery;

8  d.  Prejudice in any way any right to object to the authenticity or

9  admissibility into evidence of any document, testimony, or other

10  evidence subject; or

11  e.  Prejudice in any way any right of any party or third party to

12  petition the Court for a further protective order relating to any

13  purportedly confidential information.

14

15  **Return of Protected Information**

16  23.  On final termination of this action, including exhaustion of all appeal

17  periods, each party or other persons subject to the terms hereof shall assemble and

18  either destroy or return to the producing party or person:

19  a.  All materials designated as Protected Information; and

20  b.  All copies, summaries, and abstracts thereof.  If the receiving

21  party elects destruction, the receiving party shall certify in writing

22  to the producing party or person that all such Protected

23  Information was destroyed.

24  24.  Notwithstanding the foregoing paragraph, counsel of record for each

25  party is entitled to retain an archival copy of all pleadings, discovery requests and

26  responses, motion papers, transcripts, legal memoranda, correspondence and attorney

27  work product, even if such documents are designated as Protected Information.  In

28

741830.1

14

4827130.2/30142-00078

1  addition, counsel of record for each party is entitled to retain an archival copy of

2  Protected Information produced during the litigation for reference in the event of a

3  dispute over the use or dissemination of such Protected Information in violation of the

4  terms of this Protective Order.  Any such archival copies that contain or constitute

5  Protected Information remain subject to this Protective Order.

6

7                    **Effective Date and Termination**

8          25.    Upon the signing of this Stipulated Protective Order by the United States

9  Magistrate Judge, the Stipulated Protective Order shall be effective against each party

10  as of the date of the signature of that party or its representative, provided that

11  Protected Information disclosed or produced  prior to Court approval by entry of the

12  Stipulated Protective Order may be designated as appropriate within 10 days after

13  entry.  Furthermore, the Parties agree to be bound by the provisions of this Stipulated

14  Protective Order prior to the entry of the Order granting the Stipulated Protective

15  Order.

16          26.    The restrictions on disclosure and use of Protected Information contained

17  therein shall survive the conclusion of this action, and this Court shall retain

18  jurisdiction of this action after its conclusion for the purposes of enforcing the terms

19  of this Stipulated Protective Order.

20

21                    **Modification and No Waiver**

22          27.    The Parties agree that the Court reserves jurisdiction to modify this

23  Stipulated Protective Order as the ends of justice may require, upon noticed motion of

24  any party to this Stipulated Protective Order.

25          28.    Execution of this Stipulated Protective Order shall not constitute a waiver

26  of any party's or non-party's right to oppose any discovery request or object to the

27  admissibility of any document, testimony or other information on any ground as

28

741830.1                           15

4827130.2/80142-00078

1  provided under federal law.  Nothing in this Stipulated Protective Order shall
2  prejudice any party from seeking amendments to broaden or restrict the rights of
3  access to and use of Protected Information, or other modifications, subject to order by
4  the Court.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

741830.1
STIPULATION FOR ENTRY OF PROTECTIVE ORDER; [PROPOSED] ORDER

4827130.2/30142-00078

**IT IS SO STIPULATED.**

Dated: September 12, 2012        ENENSTEIN & RIBAKOFF, APC

                                 By: _____
                                     Darren S. Enenstein
                                     Teri T. Pham
                                 Attorneys for Plaintiff Wazana Brothers
                                 International, Inc. dba Micro Solutions
                                 Enterprises

Dated: September 11, 2012        MITCHELL, SILBERBERG & KNUPP LLP

                                 By: _____
                                     Larry C. Drapkin
                                     Michael E. Chait
                                     Patricia H. Benson
                                 Attorneys for Defendants Gary Michaels and
                                 International Laser Group, Inc.

Dated: September 11, 2012        LAW OFFICES OF STEVEN M. RICH

                                 By: _____
                                     Steven M. Rich
                                 Attorney for Defendant David Mullen

ORDER

IT IS SO ORDERED.

9/13/22

_____
Patrick J. Walsh
U.S. MAGISTRATE JUDGE

741830.1                         17
4827130.2/30142-00078
STIPULATION FOR ENTRY OF PROTECTIVE ORDER; [PROPOSED] ORDER

**EXHIBIT A: NONDISCLOSURE AGREEMENT**

I hereby certify my understanding that CONFIDENTIAL, CONFIDENTIAL B, and/or HIGHLY CONFIDENTIAL Information is being provided to me pursuant to the terms and restrictions of the Stipulation for Entry of Protective Order ("Stipulated Protective Order") dated September ___, 2012, in *Wazana Brothers International, Inc., dba Micro Solutions Enterprises v. John Palo, an individual; International Laser Group, Inc., a California Corporation; David Mullen, an individual; Gary Michaels, an individual; et al.*, United States District Court, Central District of California, Los Angeles Division, Case No. CV 12-01850 PA (PJWx). I have been given a copy of that Stipulated Protective Order.

I have read and agree to be bound by the Stipulated Protective Order. I will not reveal CONFIDENTIAL [HIGHLY CONFIDENTIAL] Information to anyone, except as allowed by the Stipulated Protective Order. I will maintain all such Protected Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action/notification that this action has been concluded, I will return the Protected Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Protected Information. I hereby consent to the jurisdiction of the United States Court for the Central District of California for the purpose of enforcing the Stipulated Protective Order.

DATED: _____          _____

STIPULATION FOR ENTRY OF PROTECTIVE ORDER; [PROPOSED] ORDER